### DIXON ET AL. v. CITY OF CINCINNATI.

*Damages for land condemned to support a sloping fill may be included in an improvement ordinance.*

This was an action to enjoin that part of the improvement assessment upon the property on McMillan street, between Highland avenue and Kibby street, there being included in the same ordinance an item of damages for land condemned to support sloping fills.

In their petition plaintiffs say that to pay the costs and expense of improving McMillan street between said points by grading, etc., the board of public improvements of said city on June 17, 1890, passed an ordinance levying an assessment of $11.08 in cash on each foot of the abutting property, which sum was divided into ten annual assessments, with interest added at the rate of five per cent per annum; that said assessment included the cost of property condemned to support McMillan street east of Hunt street, and that said property was condemned under ordinance No. 4168 of the city council, passed February 15, 1889, providing that the amount of condemnation and costs be assessed per foot upon the lots and lands abutting on McMillan street from Kibby street to Highland avenue, a distance of over 2,000 feet, while the property condemned fronted only 137 feet on said street, which assessment for this condemnation amounted to $.65943 per front foot.

Plaintiffs further claim that the property condemned lies outside of McMillan street, and that said condemnation was necessary solely for the purpose of acquiring an easement in said abutting 137 feet for the slope of the street at that place, there being a fill of 25 feet or more in the construction of McMillan street; that none of their propery abuts on that part of McMillan street where the condemnation was made, except 137 feet on Fannie C. Metcalf's property, and is therefore not subject to a frontage assessment called for by said ordinance 4168 under Section 2264 of the Revised Statutes.

Plaintiffs say, that after the passage of the resolution to improve McMillan street, between said termini, and the services of notices thereunder to the owner upon the abutting owners, two claims for damages were filed.

The ordinance to improve said street provided that the costs of the improvement and damage to the abutting property owners should be assessed per front foot upon the abutting lots and lands between the termini before named. Said damage claims were inquired into, a d the sums awarded the claimants. together with the costs of suit, and advertising amounting to $1,752.19; that said damages to said claimants did not arise from a change of grade, but were awarded on account of the appropriation of an easement in the abutting property of said claimants to maintain the sloping fill of said street, said fill being 25 or 30 feet at said points; that the condemnation and appropriation of said easement was not affected through a condemning ordinance passed specially for that purpose, but through the filing of said claims, the determination of the same, the proceedings in the common pleas court, and the occupation by the city of the front of said claimant's property by the sloping fill of said slreet, which was placed on said lots, and has been maintained there ever since.

That said sum of $1,752.19 less 2 per cent, was assessed on all the property on McMillan street, from Highland avenue to Kibby street, the foot front amounted to the sum of .39483, while the abutting property for which said easement was appropriated was 250 feet only, the total number of feet for said appropriation being 4,349.08 feet.

That none of the property of the parties abuted on that part of McMillan street for which said easement was appropriated, and was, therefore, not subject to the frontage assessment called for by said improvement ordinance. That the term "damages" as used in said ordinance to improve McMillan street, did not contemplate the appropriation of an easement in any of the abutting property, and that there was no other ordinance providing for the assessment of the costs of said appropriation

than said improvement ordinance, and that assessment of .39483 was also for this reason, illegal and void.

SWING, J.

The plaintiffs are not entitled to the relief prayed for in this petition.

The case does not come within the principles decided in the case of *Batsche* v. *The City* (33 W. L. B., 82). There is no widening of the street· here as in that case. What was done there for the purpose of improving the street, and the easement obtained in the adjoining premises outside the limits of the street, was not for the purpose of widening the street, but for the purpose of getting an easement in ground to support the fill for the street, which it was necessary to have in order to make the improvements. The same result could have been obtained by making solid masonry walls, but the expense would have been much greater to the property owners, and the improvements would not have been so satisfactory.

*F. C. Ampt*, for Plaintiffs.
*Wm. H. Whittaker*, for City.